Robert S. Weisbein, Esq
New York State Bar No. 1844588.
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Telephone:  (212) 682-7474
Facsimile:   (212) 687-2329
rweisbein@foley.com

W. Bradley Russell, Esq.
(*pro hac vice* motion to be filed)
FOLEY & LARDNER LLP
One Independent Drive, Suite 1300
Jacksonville, Florida 32202
Telephone:     (904) 359-2000
Facsimile:     (904) 359-8700
<wbrussell@foley.com>

*Attorneys for Plaintiff Kudo, Inc.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KUDO INC., d/b/a KUDO Technologies, Inc.,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>KUDOS INC.,<br><br>　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR**<br>**DECLARATORY JUDGMENT** |

Plaintiff, KUDO Inc., d/b/a KUDO Technologies, by its attorneys, Foley & Lardner LLP, for its Complaint for Declaratory Judgment against Defendant, Kudos Inc., alleges as follows:

### Nature of the Action

1.　　　This is an action by Plaintiff, KUDO Technologies, for a declaratory judgment that Plaintiff's use of the trademark KUDO does not infringe the rights of Defendant, Kudos Inc., in

1

its trademark KUDOS, because the concurrent use of the marks will not cause a likelihood of confusion amongst the consuming public.

2. Plaintiff uses its mark KUDO in connection with an internet-based platform for providing live simultaneous interpreter services. Plaintiff's customers are governments, quasi-governmental organizations, and large international or multilingual companies, and Plaintiff's services are used at international conferences and meetings where multi-language simultaneous interpreter services are needed.

3. Defendant uses its mark KUDOS in connection with a social networking platform designed to facilitate communication and engagement among employees of the same company, while also integrating a system for tracking employee productivity and providing feedback to employees.

4. Plaintiff's simultaneous interpreter services differ significantly from Defendant's intracompany social networking platform to facilitate employee engagement, such that there is no risk of a likelihood of confusion between these two offerings in the marketplace.

**Parties, Jurisdiction, and Venue**

5. Plaintiff, KUDO Technologies, is a Delaware corporation with its principal place of business at 225 West 35th Street, 16th Floor, New York, New York.

6. Defendant, Kudos Inc., is a Canadian corporation with its principal place of business at 101 – 1240 20th Avenue Southeast, Calgary, Alberta, Canada.

7. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 because it is an action arising under the laws of the United States, specifically 15 U.S.C. § 1114.

8. Defendant is subject to personal jurisdiction in New York under Civil Practice Law § 302 because Defendant has transacted business within New York in connection with its efforts to prevent Plaintiff from using its KUDO mark.

9. Defendant is additionally subject to personal jurisdiction in New York under Civil Practice Law § 302 because it has committed a tortious act within New York, or alternatively because it has committed a tortious act outside of New York causing injury to Plaintiff within New York, in connection with Defendant's efforts to prevent Plaintiff from using its KUDO mark.

10. Alternatively, Defendant is subject to personal jurisdiction in this Court under Federal Rule of Civil Procedure 4(k)(2) because Defendant is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

12. Alternatively, venue is proper in this judicial district under 28 U.S.C. § 1391(c) because there is no judicial district in which an action may otherwise be brought and Defendant is subject to personal jurisdiction in this judicial district.

## Facts

### A. Plaintiff's Business and Trademark

13. Plaintiff was established in 2016 by Fardad Zabetian, an individual with years of experience in the simultaneous interpreter business.

14. Mr. Zabetian has more than two decades of experience providing conference systems and language interpretation equipment in the simultaneous interpretation industry. In 2002, Mr. Zabetian founded Media Vision USA, which is today one of the leading suppliers of

simultaneous language interpretation equipment. Media Vision USA has equipped all rooms of the United Nations headquarters in New York, including the General Assembly, with simultaneous language interpretation equipment. Since 2018, Mr. Zabetian has been the representative of the American National Standard Institute (ANSI) within the ISO working group ISO/TC 37/SC 5/WG 3—which working group focuses on standardization in the field of language translation, including related technology. In this capacity, Mr. Zabetian serves as a subject matter expert on facilities and equipment for interpreting and language translation services.

15. Ewandro Magalhaes is the co-founder and chief language officer for Plaintiff and has served as an officer of Plaintiff since 2017. Mr. Magalhaes is accredited by the U.S. State Department as a conference interpreter and previously served as the chief interpreter of the International Telecommunication Union, the oldest specialized agency of the United Nations.

16. Traditionally, the delivery of simultaneous interpretation for a conference or meeting required the installation of complex and expensive equipment. Sophisticated microphones and receivers were required, together with soundproof booths for the interpreters.

17. Simultaneous language interpretation also requires skilled interpreters. An interpreter must become a conference interpreter, which is a term of art referring to the ability of an interpreter to speak while listening to nonstop incoming audio. Conference interpreters are paired to better manage real-time translation, and they must study the relevant subject matter in advance to ensure they are familiar with the vocabulary in multiple languages.

18. Plaintiff's KUDO platform reduces the cost and complexity of the equipment necessary to support simultaneous interpretation at conferences and meetings through a patent-pending internet-based videoconferencing system that allows conference interpreters to provide their services remotely.

4810-4480-6132.1

19. Plaintiff's KUDO platform relies on over 10,000 skilled conference interpreters to provide the core of its services.

20. Plaintiff's customers are governments, quasi-governmental organizations, and large international or multilingual companies.

21. Plaintiff's customers include, for illustrative purposes, the U.S. Department of Justice, the U.S. Air Force, and the U.S. Patent and Trademark Office. Another customer is the International Cocoa Organization, a global organization of cocoa producers headquartered in Abidjan, Cote d'Ivoire which has 52 member countries on four continents and a constituency that speaks in numerous languages.

22. Plaintiff's services are used at large international business conferences, meetings of international treaty organizations, and similar meetings of significance that justify the effort and expense of simultaneous language interpretation.

23. Plaintiff's KUDO platform is fundamentally a live simultaneous language interpretation service that relies on internet technology to reduce the cost.

24. Plaintiff's KUDO platform is *not* fundamentally a videoconferencing service with a translation function.

25. No customer would utilize Plaintiff's KUDO platform unless that customer was specifically seeking simultaneous language interpretation services.

26. The customers of Plaintiff's KUDO platform are language departments, interpreter services departments, and conference planners who must orchestrate high-level, sophisticated, and costly meetings in multiple languages.

27. Since the founding of Plaintiff in 2016, there have been no instances of consumer confusion between Plaintiff's name and mark KUDO and Defendant's mark KUDOS.

28. Because Plaintiff's business caters to an international and multilingual market, Plaintiff needed a trademark that was short and easy to pronounce in any language.

29. In Albanian, the word "kudo" means "everywhere, anywhere, all around, at every turn throughout the land." This was an apt name for a simultaneous interpretation service. Plaintiff chose this name using Google Translate.

30. On April 28, 2017, Plaintiff filed an application to register its KUDO mark with the U.S. Patent and Trademark Office ("USPTO") for "Software as a service (SAAS) services featuring software for enabling online conferencing in multiple languages," and "Downloadable software for enabling online conferencing in multiple languages." This application was assigned Application Serial Number 87/430,346 (the "KUDO Application").

### B. Defendant's Notice of Opposition

31. The KUDO Application cleared the prosecution stage in the USPTO and was published for opposition on September 19, 2017.

32. On March 18, 2018, Defendant filed a notice of opposition in the Trademark Trial and Appeal Board seeking to prevent Plaintiff's registration of its KUDO mark on the ground that the mark would be likely to cause confusion with Defendant's KUDOS mark.

33. Defendant relied on five registrations of its Kudos mark that fundamentally covered an internet-based social networking, collaboration, and communication platform: Registration Nos. 4190212, 4224053, 4641604, 5870820 and 5870821. Copies of the Certificates of Registration are annexed hereto as Exhibit A.

34. Defendant's platform is marketed to businesses and other organizations and is designed to connect employees or members of the organization in a centralized communications hub.

35. In addition to its traditional social networking features, Defendant's platform includes a proprietary recognition and analytics engine that enables the administrators of subscribing organizations to receive key insights regarding the functioning and effectiveness of individual members of the organization and the organization as a whole that can be drawn from the users' interactions and communications using Defendant's platform.

36. In its trial brief, Defendant argued that the Trademark Trial and Appeal Board must consider the language of Plaintiff's application—viz. "software for enabling online conferencing in multiple languages"—and must not consider Plaintiff's actual service of simultaneous language interpretation.

37. Defendant argued before the Trademark Trial and Appeal Board that Plaintiff "is now 'stuck' with its listing of goods and services for the purpose of this opposition."

### C. The Trademark Trial and Appeal Board's Decision

38. On March 2, 2021, the Trademark Trial and Appeal Board sustained the opposition, finding that there would be a likelihood of confusion between Plaintiff's mark and Defendant's mark and accordingly refused registration of Plaintiff's mark.

39. The Trademark Trial and Appeal Board's decision was based on the language of Plaintiff's application for registration, just as Defendant had urged in its trial brief, and not on the actual manner of use of the KUDO mark made by Plaintiff in the marketplace, namely, an Internet platform for providing simultaneous language interpretation services at international or multilingual conferences and meetings.

40. The Trademark Trial and Appeal Board explained: "The wording 'online conferencing in multiple languages' is broad enough to cover a program where multiple languages are supported although not translated. Thus [Plaintiff's] software and SAAS services featuring

such software overlap with [Defendant's] social networking services allowing online conferences to be conducted in different languages."

41. Because the language of Plaintiff's application was broad enough to cover an online conferencing service that did not offer simultaneous language interpretation, and which could overlap with Defendant's social networking service for employee engagement, the Trademark Trial and Appeal Board found there was "a viable relationship between [Defendant's] social networking services and Applicant's goods and SAAS services of enabling 'online conferences in multiple languages'" to support its finding of a likelihood of confusion.

42. Plaintiff uses its KUDO mark only in connection with its simultaneous language interpretation service, which is materially unlike the usage considered by the Trademark Trial and Appeal Board, viz. "a program where multiple languages are supported although not translated."

43. The Trademark Trial and Appeal Board did not consider the actual marketplace usage of Plaintiff's KUDO mark, viz. a simultaneous language interpretation service delivered through internet technology.

44. There is a material difference between simultaneous language interpretation services on the one hand, and social networking services for employee engagement on the other hand. This remains true even for social networking services that offer user interfaces in multiple languages and for social networking services that offer automated translation of text.

45. There is a material distinction between "multiple languages" on the one hand, and "simultaneous language translation" or "simultaneous language interpretation" on the other hand, and Defendant has conceded as much in its Trial Brief, the relevant excerpts from which are annexed hereto as Exhibit B.

### D. Plaintiff's Reasonable Apprehension of Suit by Defendant

46. On July 14, 2021, counsel for Defendant sent a letter to counsel for Plaintiff proposing that Plaintiff immediately phase-out the use of its KUDO mark in light of the Trademark Trial and Appeal Board's decision, and made clear that Defendant would file suit against Plaintiff seeking damages and an injunction if Plaintiff refused to discontinue the use of its KUDO mark.

### Claim for Relief

### (Declaratory Judgment)

47. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 46 above as though fully set forth herein.

48. Despite the decision of the Trademark Trial and Appeal Board as to registration, there is no likelihood that the relevant consumers of the parties' respective goods and services in the marketplace are likely to be confused as to the source or origin of the parties' respective services because there is a fundamental difference between the simultaneous language interpretation services offered by Plaintiff and the social networking services for employee engagement offered by Defendant.

49. The July 14, 2021 letter sent by counsel for Defendant threatening that if Plaintiff did not agree to discontinue the use of its KUDO mark Defendant would file suit, creates a case of actual controversy within the jurisdiction of this Court as to the scope of the parties' rights.

50. As a result of the foregoing, Plaintiff is entitled to a declaratory judgment that its conduct as aforesaid, including its use of the KUDO mark for its simultaneous language interpretation service infringes no rights that Defendant may have in its KUDOS mark.

51. Plaintiff has no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. Declaring that Plaintiff has infringed no rights of Defendant; and

B. Awarding Plaintiff its reasonable attorneys' fees and costs of this action as provided by law, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 29, 2021

FOLEY & LARDNER LLP

By: */s/ Robert S. Weisbein*
Robert S. Weisbein, Esq.
New York State Bar No. 1844588
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
<rweisbein@foley.com>

W. Bradley Russell, Esq.
(*pro hac vice* motion to be filed)
FOLEY & LARDNER LLP
One Independent Drive, Suite 1300
Jacksonville, Florida 32202
Telephone: (904) 359-2000
Facsimile: (904) 359-8700
<wbrussell@foley.com>

*Attorneys for Plaintiff Kudo Inc.*